■ In the Matter of EDWARD A. ZEBORIS, Petitioner, v. WILLIAM E. KIRWAN, as Superintendent of the New York State Police, et al., Respondents.— Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Ulster County) to review a determination of the Superintendent of the New York State Police affirming petitioner's suspension, without pay, from the New York State Police for a period of three days. On August 15, 1970, while petitioner and another trooper were transporting a 17-year-old youth to the Ulster County Jail, he managed to

escape from their custody. Charges were filed against petitioner and the other trooper alleging failure to be responsible for the proper safeguarding and protection of their prisoner. After a hearing on the charges, the hearing officer recommended that petitioner be suspended for a period of three days without pay, concluding that petitioner did not properly safeguard and protect his prisoner and failed in his responsibility. This conclusion is supported by substantial evidence. We find no merit in petitioner's argument that the three-day suspension is disproportionate to the offense charged. Although we are sympathetic with petitioner's concern about his possible delay in obtaining a promotion as a result of this suspension, we must recognize the potential harm to the public safety from an escaped prisoner. We are, therefore, constrained to find no abuse of discretion in the imposition of the penalty. As we said in *Matter of Hess* v. *Town of Vestal* (30 A D 2d 599) : "Policemen hold a special position of great sensitivity and public trust. By reason of such position, it is in the public interest that such an employee should be subject to rigorous discipline in order that the safety of the community be properly maintained." Determination confirmed and petition dismissed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Sweeney and Simons, JJ., concur.